UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JIMMY FRANK CAMERON, <br> AIS #105591, <br><br> Plaintiff, <br> vs. <br><br> TAHIR SIDDIQ, <br> WARDEN PHYLLIS BILLUPS, <br> et al. <br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION NO. <br> ) 2:07-CV-684-WKW <br> ) <br> ) <br> ) <br> ) |

## ANSWER And SPECIAL REPORT

Alabama Department of Corrections (ADOC) defendant Warden Phyllis Billups submits her Answer and Special Report as ordered by the Court.

### NAMED DEFENDANTS

1. Warden Phyllis Billups.

### ANSWER

The Defendant asserts the following defenses to the Plaintiff's claims:

1. The Defendant denies each and every material allegation contained in the Plaintiff's Complaint and demands strict proof thereof.

2. The Plaintiff's Complaint fails to state a claim upon which relief can be granted.

3. The Defendant cannot be held liable on the basis of *respondeat superior*, agency, or vicarious liability theories.

4. The Plaintiff is not entitled to any relief under 42 U.S.C. § 1983.

5. The allegations contained in the Plaintiff's Complaint against the Defendant, fails to comply with the heightened specificity requirement of Rule 8 in § 1983 cases against

1

persons sued in their individual capacities. *See Oladeinde v. City of Birmingham,* 963 F. 2d 1481, 1485 (11th Cir. 1992); *Arnold v. Board of Education Of Escambia County,* 880 F. 2d 305, 309 (11th Cir. 1989).

6. The Defendant pleads all applicable immunities, including but not limited to sovereign, qualified, absolute, discretionary function, state agent, and statutory law enforcement officer immunity.

7. All claims of the Plaintiff against Defendant in her official capacity are barred by the Eleventh Amendment to the United States Constitution.

8. The Defendant pleads the affirmative defense of waiver, contributory negligence and assumption of the risk.

9. The Plaintiff has failed to exhaust his administrative remedies as mandated by the Prison Litigation Reform Act amendment to 42 U.S.C. § 1997e (a) and as such these claims should be dismissed.

10. The Defendant pleads the affirmative defense that she is not guilty of any conduct which would justify the imposition of punitive damages, and that any such award would violate the United States Constitution.

11. The Plaintiff has failed to comply with 28 U.S.C. § 1915 with respect to the requirements and limitations inmates must follow in filing in forma pauperis actions in federal court.

12. Pursuant to 28 U.S.C. § 1915 A, this court is requested to screen and dismiss this case, as soon as possible, either before or after docketing, as this case is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from the Defendants who are state officers entitled to immunity as provided for in 42 U.S.C. § 1997 (e) (c).

## EVIDENTIARY SUBMISSIONS

1. Affidavit of Warden Phyllis Billups (Exhibit A).

## PETITIONER'S ALLEGATIONS

The Petitioner, an inmate in the Alabama Department of Corrections, currently housed at Draper Correctional Facility, initially filed a lawsuit against a Prison Health Services, Inc, physician named Tahir Siddiq. No ADOC defendant was named.

Subsequently, petitioner amended his petition, alleging that Draper Warden Phyllis Billups had retaliated against him for the filing of his law suit against Dr. Siddiq by assigning him to work details when he (petitioner) was disabled and not allowed medically to work.

The relief asked for against this ADOC defendant is for the court "…to stop this retaliatory against him…"

## INVESTIGATION RESULTS

## INVESTIGATION RESULTS

Defendant Warden Phyllis Billups conducted a review of petitioner's allegations and his medical condition. That review revealed that petitioner Cameron was not assigned to Draper job board until August 22, 2007. Prior to that, Warden Billups did not know inmate petitioner Cameron or have any knowledge of any law suit that he may have filed against Dr. Siddiq. Warden Billups also had nothing to do with petitioner being assigned to a farming prison. She also did not know Dr. Siddiq and had never heard of him until after petitioner filed this law suit. (Exhibit A).

After being told by petitioner Cameron that he could not work, Warden Billups checked with the health care unit. She spoke with health service administrator Michelle Sagars. Ms. Sagars reported that petitioner had a diagnosis of Hepatitis C in 2006, but there was no doctor's order (pink slip) that petitioner could not work. (Exhibit A).

3

The only "pink slip" that petitioner Cameron had was one based on a complaint of back pain by petitioner, ordering that he should be assigned to a bottom bunk and should not lift more than 10 pounds for a period of 180 days, which would run from September 7, 2007 to March 7, 2008. There was no mention of petitioner not being able to work and Warden Billups was not even told of that restriction until on or about September 20, 2007. (Exhibit A).

When Warden Billups learned that petitioner had complained about back pain and was scheduled for a "free world" doctor appointment for that back pain, she assigned him to a job on clean up until his medical condition was resolved. (Exhibit A).

## CONCLUSION

Petitioner asks this court to stop Warden Billups from assigning him "to work", because he alleges that he has doctors order prohibiting him from working. The facts, as revealed in Warden Billups investigation, simply do not warrant such action by this court. It is clear that Warden Billups did not know either Dr. Siddiq or that petitioner had filed suit against Dr. Siddiq. It logically follows that Warden Billups could not then be guilty of any type retaliatory action against petitioner.

It is also clear that in spite of petitioner's protestations, there was no medical "pink slip" prohibiting him from working. At some point in time, though, petitioner lodged complaints of "back pain", and the medical unit scheduled him for an appointment with a 'free world" doctor for the same. When Warden Billups learned of the back pain complaint and the bunk bed and ten pound lifting restriction on September 20, 2007, she assigned him to "clean up" duty.

There simply is no basis to any of petitioner's complaints against ADOC defendant Warden Phyllis Billups, and his complaint is due to be dismissed.

Respectfully submitted,
KIM T. THOMAS (THO115)
DEPUTY ATTORNEY GENERAL
GENERAL COUNSEL


/s/ Neal P. Conner
NEAL P. CONNER (CONN2024)
ASSISTANT GENERAL COUNSEL

**ADDRESS OF COUNSEL:**
Alabama Department of Corrections
Legal Division
Post Office Box 301501
301 South Ripley Street
Montgomery, AL  36130-1501
(334)353-3889

## CERTIFICATE OF SERVICE

I do hereby certify that on the 9th day of October, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system,

And I hereby certify that I have mailed a copy of the forgoing via United States Mail properly addressed, postage prepaid first class to:

Jimmy Frank Cameron, AIS 105591
Draper Correctional Facility
P. O. Box 1107
Elmore, AL 36205

/s/ Neal P. Conner
NEAL P. CONNER (CONN2024)
ASSISTANT GENERAL COUNSEL

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JIMMY FRANK CAMERON, #105591,

    Plaintiff

v.

    CIVIL ACTION NO.207-CV-684-WKW

TAHIR SIDDIQ, et al.,

    Defendants

## AFFIDAVIT

Before me, the undersigned authority, a Notary Public in and for said county and State of Alabama at large, personally appeared Phyllis Billups who being known to me and being by me first duly sworn, deposes and says on oath as follows:

My name is Phyllis Billups, and I am presently employed as Warden II with the Alabama Department of Corrections, Draper Correctional Center, Elmore, Alabama. I am over nineteen (19) years of age.

The plaintiff in this action, Jimmy Frank Cameron W/105591, alleges that I, Phyllis Billups stated to him that all "they" handed out was farm jobs and ass whippings. This statement is untrue. The Plaintiff in this action came to job board on August 22, 2007. Prior to this defendant assigning the plaintiff a job, the plaintiff stated to me that he could not work at all and he had Hepatitis C. I asked the plaintiff if he had a medical pink slip stating he could not work. The plaintiff stated, "No, it should be in my file." I phoned the Health Care Unit and spoke to Michelle Sagers, Health Service Administrator and asked her if Inmate Cameron had any medical documentation in his file that he had Hepatitis C and if he had a pink slip stating that he could not work. Ms. Sagers informed me that Inmate Cameron was positive for Hepatitis C in 2006. Ms. Sagers also informed me that there was no pink in Inmate Cameron's file that he could not work. The defendant assigned Inmate Cameron to farm squad #8. Inmate Cameron allege that Warden Billups and Dr. Siddiq are retaliating against him by sending Inmate Cameron to a farming prison because he filed a 1983 complaint against the prison doctor. This

1

Exhibit "A"

is untrue. The defendant Warden Billups had never met Inmate Cameron until he came to job board at Draper on August 22, 2007. Warden Billups did not work in the Department of Corrections in 1983. Warden Billups has never met Dr. Siddiq and did not know who he was until she received a copy of this suit where it stated that he was a doctor. Warden Billups did not have any input on Inmate Cameron being assigned to Draper or any other institution. On September 20, 2007, Inmate Cameron showed Warden Billups a medical pink slip that stated he needed a bottom bunk bed and no lifts greater than 10 lbs. for 180 days from 9/7/07-3/7/08. Inmate Cameron again stated to Warden Billups that he could not work. Warden Billups phoned the Health Care Unit and spoke to Ms. Sagers and asked her if Inmate Cameron had received medical documentation that he could not work. Ms. Sagers stated, "No." Ms. Sagers stated that Inmate Cameron had a "Free World" doctor's appointment scheduled for September 21, 2007 due to complaints that his back was hurting. Warden Billups I informed Inmate Cameron that because he was being scheduled for a doctor's appointment in the near future because of complaints of back problems, she would place him on the job board for Monday, September 24, 2007. Warden Billups informed Inmate Cameron that he would be assigned to a job on Clean Up until his medical condition was resolved.

I have not violated Inmate Cameron's civil rights in any way.

_____
Warden H Phyllis Billups
Draper Correctional Center

State of Alabama
Elmore County

Sworn to and subscribed before me and under my hand and official seal this the 23rd day of September 2007.

_____
Notary Public
My comm. expires _____  MY COMMISSION EXPIRES APRIL 9, 2011

2